IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terrance King, | ) C/A No. 0:10-32-HFF-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| South Carolina Department of Corrections; Kirkland Correctional Institution, Kitchen Supervisor Staff; Turbeville Correctional Institution; Turbeville Medical Staff, Dentist, | ) |
| Defendants. | ) |

The plaintiff, Terrance King ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation. Plaintiff is an inmate at Turbeville Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants two SCDC facilities and "staff."[1] No individuals are named as defendants. Plaintiff claims he has decaying teeth and gum disease, but has been denied dental treatment since May 2009. Plaintiff seeks monetary damages. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted by failing to name defendants that are amenable to suit.

---

[1]Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."



## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a

*PJG*

potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Plaintiff files this action pursuant to 42 U.S.C. § 1983.[2] A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).

---

[2]Title 42 USC § 1997(e)(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Plaintiff acknowledges that he has not filed a prison grievance concerning his claims. (Compl., Docket Entry 1 at 2.) The Complaint, even if amended to name proper defendants, is also subject to dismissal based on the plaintiff's failure to exhaust administrative remedies.



The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994), quoting Baker v. McCollan, 443 U.S. 137, 144, n.3 (1979).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

The Complaint alleges Plaintiff has decaying teeth and gum disease, but has been denied dental treatment since May 2009, causing him injury.  The factual allegations state a cause of action for deliberate indifference to a serious medical need in violation of the Eighth Amendment.  Thus, the first element of § 1983 is met.  Individuals involved in the denial of Plaintiff's constitutional rights could be subject to liability.  The Complaint, however, does not name individuals, or a "person," as a defendant.  Instead, the Complaint names facilities and "staff," which are not amendable to suit in a § 1983 action.  It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person."  The Kirkland and Turbeville Correctional Institutions are a group of buildings or facilities.  Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law.  Hence, the Kirkland and Turbeville Correctional Institutions are not a "person" subject to suit under 42 U.S.C. § 1983.  See Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C.

§ 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D. N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Similarly, the "staff" of an institution is not a "person" subject to suit under 42 U.S.C. § 1983. While the individuals that work at a prison as staff are subject to liability under § 1983, they must be individually identified and allegations specific to the individual must be stated to sufficiently state a § 1983 claim.

Additionally, the Complaint names SCDC as a defendant. SCDC is immune from suit under 42 U.S.C. § 1983. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI. The Eleventh Amendment confirmed the constitutional principle of sovereign immunity, which predates the Amendment. See Alden v. Maine, 527 U.S. 706, 728-29(1999). Although the Eleventh Amendment expressly forbids suits in federal court by citizens of other States against a State, the Amendment also bars suits against a State filed by it own citizens. See Hans v. Louisiana, 134 U.S. 1 (1890). A State must consent to suit in a federal district court, which serves to waive sovereign immunity. See Lapides v. Board of Regents, 535 U.S. 613 (2002). The Defendant SCDC has not consented to suit in federal court in this case. Thus, the Eleventh Amendment bars Plaintiff from suing the Defendant South Carolina Department of Corrections in this court.

Plaintiff fails to identify as defendants individual persons that were deliberately indifferent to his medical needs, and thus subject to suit under § 1983. Additionally, he names a defendant immune to suit. Although the Complaint may state a claim for deprivation of a constitutional right, it does not name a "person" as required by § 1983. The Complaint must be dismissed for failure to name defendants that are amenable to suit, thereby failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without issuance and service of process. 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 24, 2010
Columbia, South Carolina

*The plaintiff's attention is directed to the notice on the following page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).